IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GABRIEL S. FIANO** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO.  JKB-13-292 |
| **BAYVIEW LOAN SERVICING** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Previously, the Court ordered Plaintiffs to show cause why this case should not be remanded for lack of subject-matter jurisdiction. (ECF No. 7.) Plaintiffs have responded (ECF No. 8) but have failed to show that this Court has either federal-question jurisdiction or diversity jurisdiction.

This case really involves two cases filed in Anne Arundel County Circuit Court in Maryland. The first, number 02-C-12-171851, was filed by the Plaintiffs against the same defendants in the instant case and sought to quiet title to a parcel of real property. The second, number 02-C-173224, is a foreclosure action filed against Plaintiffs by the substitute trustees on a deed of trust. Plaintiffs acknowledge that only defendants may remove a case from state court to federal court, but contend their suit to quiet title should really be regarded as part of the foreclosure action. (Pls.' Resp. 2.) Regardless of how they believe their case should be regarded, Plaintiffs' suit to quiet title nevertheless exists as a separate state court action and this Court must treat it accordingly. Consequently, the first case, number 02-C-12-171851, was improperly removed.

As for the second case, the Court earlier pointed out the lack of a federal question and the evident lack of complete diversity between all plaintiffs and all defendants. Plaintiffs assert the foreclosure case involves federal questions of due process and violation of various federal statutes, but these questions, to the extent they exist, are matters only raised in defenses to the foreclosure suit, which clearly does not rest upon federal-question jurisdiction. "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983). In this case, state law created the causes of action, "and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* at 13. No question of federal law is part of the plaintiffs' claim in the foreclosure action and, federal-question jurisdiction does not exist over it.

As for diversity jurisdiction over the foreclosure action, Plaintiffs state that Plaintiff Mohammad Reeza Suffurally "is technically a citizen of the State of Maryland." (Pls.' Resp. 3.) The Court interprets this statement as a concession of Suffurally's Maryland citizenship. Since at least some of the plaintiffs in the state court foreclosure case are also Maryland citizens, diversity jurisdiction does not exist.

Removal was improperly made, and this case will be remanded by separate order.

DATED this 20th day of February, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

2